Govier v. Wilson.

---

CLARENCE E. GOVIER, APPELLANT, V. JOSEPH F. WILSON ET AL., APPELLEES.

FILED SEPTEMBER 22, 1923. No. 22489.

1. **Evidence** examined, and *held* sufficient to sustain the decree of the trial court in so far as it dismisses the plaintiff's cause of action.

2. **Evidence** examined, and *held* not sufficient on the accounting between plaintiff and defendants, W. and K., to sustain the judgment of the trial court.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed in part, and reversed in part.*

*Sullivan, Squires & Johnson,* for appellant.

*Prince & Prince* and *Kelly & Schnell, contra.*

Heard before MORRISSEY, C. J., DEAN, ALDRICH and DAY, JJ., COLBY and REDICK, District Judges.

DAY, J.

The plaintiff, Clarence E. Govier, who was purchaser at a partition sale of a certain tract of land, and who had paid to the referee the amount of his bid, intervened in the partition action and sought to have a credit established upon his bid by reason of the facts alleged, and prayed that the referee be ordered by the court to refund to him the amount of the credit found to be due. The trial court directed the plaintiff to separately docket his action, and ordered the referee to retain $1,054 out of the money paid upon the bid until the further order of the court, and further ordered the referee to distribute the balance of the purchase price to the parties entitled thereto. As originally filed, the petition named Joseph F. Wilson and P. Jerry Kelly defendants. Later Rose E. Richardson was made an additional party defendant. Upon the trial the court found upon the issue presented by the petition in favor of the defendants, and dismissed the plaintiff's action. The court also found, upon an accounting between the plaintiff and the defendants Wilson and Kelly, in favor of the defendants, and rendered a personal judgment in their favor against plaintiff for $40.40. Plaintiff appeals.

The facts are somewhat peculiar. The property partitioned consisted of a section of land in Custer county, Nebraska, owned by the defendant Rose E. Richardson, formerly Rose Empfield, and her two minor children, Paul McKee Empfield and Lillie Ruth Empfield, each being the owner of an undivided one-third interest. Mrs. Richardson was desirous of disposing of the property, but, inasmuch as the two minors owned part of it, she could not do so without resort to a par-

tition action. The land was leased to S. S. Sallee for a term of years expiring March 1, 1922. On June 23, 1919, C. E. Bass, a brother of Mrs. Richardson, and who handled her business affairs in Custer county, entered into a written contract with P. Jerry Kelly and Joseph F. Wilson, the defendants herein, to sell the property in question to them for $16,000, subject to the Sallee lease. The contract recited that the land was owned by Mrs. Richardson and her two minor children above named, and that a partition suit was necessary to be had to acquire a good title. Kelly and Wilson paid $700 on account of the purchase price, the balance to be paid according to the terms of the contract when a title to the land could be given. The partition action was commenced by Mrs. Richardson on February 17, 1919; the two minor children, and Rose Richardson as their guardian, being named defendants. N. T. Gadd was appointed guardian *ad litem* for the two minor children. On February 5, 1919, Wilson, acting for himself and Kelly, bought Salee's rights under the lease, paying therefor $1,200; Sallee agreeing to vacate the premises on or before March 1, 1919. On March 5, 1919, Wilson and Kelly, anticipating that their contract for the purchase of the land would be carried out, entered into a contract to sell the land in question to the plaintiff, Govier, for $22,400. At the time of entering into the contract the plaintiff paid $1,500 in cash to Wilson and Kelly, the balance of the purchase price to be paid as provided in the contract. The contract contained other provisions which will be hereinafter considered.

On May 3, 1919, a judgment in partition was duly entered. Edwin F. Myers was appointed referee, and, upon his report being made, an order was entered directing the sale of the property. On June 23 the referee reported a sale of the property to P. Jerry Kelly for $16,000. This sale was objected to by the guardian *ad litem*, and the court set the sale aside. Later, on Sep-

tember 8, 1919, the referee sold the property to plaintiff, Govier, for $23,354. This sale was confirmed, and deed ordered to Govier, the purchaser, who paid the purchase price to the referee. At this time Govier was in possession of the premises and had crops ready for harvest under his contract with Kelly and Wilson.

The plaintiff's theory is founded upon the idea that he was obliged to bid $23,354 for the property at the sale in order to protect his crops which were then growing upon the land; that he is entitled to recover from Wilson and Kelly the difference between the amount of his contract with them, to wit, $22,400, and the amount of his bid; that the contract between Bass and Wilson and Kelly would be carried out to the extent at least of the interest of Mrs. Richardson, and that Wilson and Kelly would be entitled to receive a part of the proceeds of the referee's sale.

The main question upon this phase of the case, as we view it, turns upon the construction to be given to the contract between the plaintiff and Wilson and Kelly. If under the terms of that contract Wilson and Kelly were not bound to sell the property to the plaintiff, then the plaintiff's cause of action must fail. This contract contained provisions, as follows:

"It is further understood and agreed by and between the parties to this contract that the said parties of the first part (Wilson and Kelly) have purchased the real estate above described from C. E. Bass as agent for Mrs. Richardson and her minor children upon a contract signed by the said C. E. Bass as such agent, and it is further understood and agreed by and between the parties hereto that, in order for the parties of the first part to secure title to the real estate above described, said land will have to be sold by a referee appointed by the district judge of Custer county, Nebraska, and that said sale will be at public auction, and if for any reason the parties of the first part are unable to secure title

to said real estate, under the terms of their contract with the said C. E. Bass, then, and in that event, one thousand dollars ($1,000) of the fifteen hundred dollars ($1,500) paid by the parties of the second part (Govier and his wife) shall be retained by the said parties of the first part as rent for the real estate described from the fifteenth (15th) day of March, 1919, to the first (1st) day of March, 1920, and the parties of the first part agree to refund to the said parties of the second part the sum of $500 with interest thereon at the rate of 6 per cent. per annum. It is understood by and between the parties hereto that the said parties of the first part do not at this time have title to said real estate and their owner- ship thereof depends upon the contract heretofore mentioned between them and the said C. E. Bass, and in the event that they are for any reason unable to secure their title as provided for in said contract, then they are bound only under the leased provision heretofore mentioned in this contract. * * * It is further agreed by and between the parties hereto that, in the event the said parties of the first part do not secure a deed from the referee for any reason, then in that event they agree to lease the premises above described to the said parties of the second part for two years from March 1, 1920, to March 1, 1922, for the sum of one thousand ($1,000) per year."

It will be observed that the contract recites, in sub- stance, that Wilson and Kelly have purchased the prop- erty from C. E. Bass as agent of Mrs. Richardson and her minor children; that in order to secure a title the land must be sold at a referee's sale under the direction of the court at public auction; that, if for any reason Wilson and Kelly are unable to secure title to the land under the terms of their contract with Bass, then $1,000 of the $1,500 paid by the plaintiff is to be retained by Wilson and Kelly as rent for the land from March 15, 1919, to March 1, 1920, the balance of $500 with 6 per cent. interest to be returned by Wilson and Kelly to

Govier v. Wilson.

the plaintiff. The contract further recites that, if for any reason Wilson and Kelly are unable to secure title as provided in the Bass contract, they shall be bound only under the leased provision of the contract herein-after mentioned, which is that Wilson and Kelly agree to lease the premises to the plaintiff for two years from March 1, 1920, to March 1, 1922, for $1,000 a year. There is no ambiguity in the terms of this contract. Its language is precise, and its terms are easily under-stood. In construing a contract it is the duty of the court to give force and effect to its several provisions. Plaintiff was bound to take notice of the terms of the contract, and, had he done so, he would have been apprized that Wilson and Kelly were purchasing the property for $16,000, subject to the Sallee lease. Wilson and Kelly at the first sale bid $16,000 for the property, but this sale was set aside. It seems clear that Wilson and Kelly, in order to put themselves in a position to carry out their contract with the plaintiff, were not bound to bid for said property above $16,000. The plaintiff contends that he was obliged to bid $23,354 in order to protect his crops, but this position is hardly sound, because the referee's sale was subject to the rights of the Sallee lease. Construing the contract as a whole in the light of subsequent events, which seem to have been contemplated and provided for in the contract, it seems quite clear to us that the only liability on the part of Wilson and Kelly under the contract is to fulfil their agreement for the leasing of the premises.

The plaintiff also objects to that part of the decree wherein the court rendered judgment in favor of Wilson and Kelly and against the plaintiff for $40.40. The objection is made that there is no issue properly raised, and no proof to sustain a judgment of this amount. It is true that there is not a cross-petition filed with the answer of Wilson and Kelly setting out the facts show-ing an indebtedness from the plaintiff to them. Their answer in great detail sets up all of the facts, and

refers to the several contracts, and prays for an accounting between the plaintiff and themselves. The evidence upon the status of the accounts is not very satisfactory. It does appear, however, that Wilson and Kelly have $1,500 of the plaintiff's money, and that the plaintiff has been in possession of the land since about March, 1919. Under the terms of the contract he was to pay $1,000 for the land from March 15, 1919, to March 1, 1920, and $1,000 from March 1, 1920, to March 1, 1921, and $1,000 from March 1, 1921, to March 1, 1922. The decree of court was entered on June 6, 1921, and recited that the rent for the year 1919-1920 had been paid, and that for the year 1920-1921 there was due $40.40. We are unable to reconcile the findings upon this branch of the case with the facts as disclosed by the record. In the interest of justice to all parties, it seems that the cause should be remanded upon the matter only of the accounting of the rents between plaintiff and Wilson and Kelly. The judgment of the lower court is affirmed in part and reversed in part, and the cause remanded for further proceedings in conformity with this opinion; each party to pay his own costs in this court.

AFFIRMED IN PART, AND REVERSED IN PART.